[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 02, 2007
THOMAS K. KAHN
CLERK

No. 07-12316
Non-Argument Calendar

_____

D. C. Docket No. 07-00039-CR-JTC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HASSAN JAMAL ELSADDIQUE,
a.k.a. Ricky Eugene Austin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 2, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Hassan Jamal Elsaddique appeals his fourteen-month sentence for using a

false name in a firearms application, in violation of 18 U.S.C. § 924(a)(1)(A). Elsaddique argues that his sentence was procedurally and substantively unreasonable because: (1) the court improperly treated his long employment history—involving twenty-five different employers in ten different states between 1996 and 2005—as an aggravating factor; and (2) there was no need to imprison him at all because there was no victim, he has only an old and relatively minor criminal history, and a prison sentence would destroy his new "forward progress."

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), we review a defendant's sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). "[A] sentence may be reviewed for procedural or substantive unreasonableness. A sentence may be unreasonable if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence. Additionally, a sentence may be substantively unreasonable, regardless of the procedure used." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable," in light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Elsaddique first argues that his sentence was procedurally unreasonable

2

because the district court's comments, which focused on his lengthy employment history and missed opportunities, indicate that it had relied on an inappropriate aggravating factor to sentence him within the guideline range. However, one of the § 3553(a) factors requires the court to consider the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Elsaddique's employment history and series of missed opportunities fit squarely within this factor, and therefore it was reasonable for the district court to consider them in deciding not to vary from the guideline range.

Elsaddique also contends that the fourteen-month sentence imposed by the district court was substantively unreasonable because: (1) there was no victim; (2) his criminal history was old and relatively minor; and (3) his youth, "shattered" dreams of playing professional basketball, ultimate discovery of the music business, and the birth of his daughter, all show that a prison sentence will only destroy his new "forward progress." This argument, however, ignores the seriousness of the offense here. Whether or not there was a victim, Elsaddique used a false name to purchase three firearms. The act alone created a significant danger to the public, which is only increased by the possibility that he made the purchase on someone else's behalf—someone who may have had a more serious and more recent criminal history. Moreover, the court's sentence was within the

guideline range of twelve to eighteen months, and it was well below the statutory

maximum of five years imprisonment.  It was therefore reasonable for the district

court to sentence Elsaddique to fourteen months imprisonment.

**AFFIRMED.**